# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALPS PROPERTY & CASUALTY
INSURANCE COMPANY,

    Plaintiff,

vs.

KALICKI COLLIER LLP, *et. al.*,

    Defendants.

3:19-cv-00709-MMD-CLB

**ORDER**

The parties have filed a litany of motions to seal various documents in this case. These motions started with the filing of a motion for leave to file the complaint and exhibits to the complaint under seal by Plaintiff Alps Property & Casualty Insurance Company ("Alps"). (ECF No. 1). Based on the request to seal the complaint and its exhibits, the parties then filed motions to seal subsequently filed documents that referenced the complaint and/or its exhibits to comply with any subsequently entered sealing order in response to Alps's Motion. (*See* ECF Nos. 9, 27, 29, 33, 37 and 39). Therefore, resolution of each of these motions depends on the resolution to Alps's Motion.

Alps's Motion argues there are "compelling reasons" to seal the entire complaint and all of its attached exhibits. (*See* ECF No. 1, pp. 4-5). Defendants Kolicki Collier, LLP, John Collier, and James Kolicki ("KC Defendants") filed a non-opposition to the Alps's Motion, (ECF No. 8), by stating (without explanation) that they agree "there are compelling reasons to support restricting public access to Alps's complaint and responses thereto." (*Id.*) Defendant Robin Rumbaugh ("Rumbaugh") opposed. (ECF No. 7). After a thorough review of the filings, the court finds there are no compelling reasons to seal the complaint or the attached exhibits and Alps's Motion must be denied. (ECF

No. 1). Based on the denial of Alps's motion, there is no need for any of the subsequently filed documents to be sealed either. Therefore, the court denies all other motions to seal as moot. (ECF Nos. 9, 27, 29, 33, 37 and 39).

**I.     LEGAL STANDARDS**

The is a strong presumption of public access to judicial records that is predicated on the rights embodied in the First Amendment. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Any party seeking to file court documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Various courts within the Ninth Circuit agree that a request to seal the complaint or material attached to the complaint is considered "dispositive" for purposes of a sealing request. *See, e.g., Victory Sports & Entertainment v. Pedraza*, 2019 WL 2578767, at *1 (D. Nev. June 24, 2019); *Birch v. Delporto*, 2019 WL 2298699, at *2 (D. Nev. May 30, 2019); *Billman Prop., LLC v. Bank of America, N.A.*, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015) (collecting cases).

Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. The Ninth Circuit has indicated "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court

records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons is not met by conclusory assertions, but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. For example, the Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents – that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182. Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Even if compelling reasons are identified, any sealing order must be narrowly tailored. *Press–Enterprise Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 512 (1984). The Supreme Court has instructed that a sealing order should have been "limited to information that was actually sensitive," that is only the parts of the material necessary to protect the compelling interest. *Id.* Thus, even where a court determines that disclosure of information may result in particularized harm, and the private interest in protecting the material outweighs the public interest in disclosure, a court must still consider whether

redacting confidential portions of the material will leave meaningful information available to the public. *In re Roman Catholic Archbishop*, 661 F.3d 417, 425 (citing *Foltz*, 331 F.3d at 1136–37).

**II.    ANALYSIS**

Alps argues there are two "compelling reasons" to seal the entire complaint and all of its attached exhibits: (1) the documents relate to a "private dispute" between the defendants identified in the case; and, (2) some of the statements in the complaint and/or the attached exhibits contain communications, or parts of communications, between the defendants that were privileged attorney/client communications and/or work product "at the time [they] were communicated." (*See* ECF No. 1, pp. 4-5). In opposition, Rumbaugh argues that Alps fails to establish that either of these assertions constitutes a sufficiently compelling reason to seal the complaint or any of the attached exhibits. (ECF No. 7). The court agrees with Rumbaugh.

A.    <u>Private Dispute</u>

First, Alps's assert that revealing a "private dispute" between two parties is, in itself, a compelling basis for sealing a complaint and all of the attached exhibits fails for several reasons. First, Alps has not articulated any specific factual findings to meet the "compelling reasons" standard. As a practical matter, the filing of virtually all civil lawsuits reveals the existence of a "private dispute" between two parties that is generally not known to the public prior to the filing of a lawsuit. Alps has failed to explain how this circumstance is any different or how the specific facts of this case would warrant the extreme step of sealing the entire complaint and all exhibits thereto. Rather, Alps has only provided a conclusory offering that these documents reveal a "private dispute,"

which does not raise to the level of a compelling reason to seal the complaint or the attached exhibits. *Kamakana*, 447 F.3d at 1182.

Alps cites only one case for its position that a "private dispute" is sufficient to support sealing a complaint and exhibits – *United Rentals, Inc. v. Ahern Rentals, Inc.*, 2012 WL 5418355 (D. Nev. Nov. 12, 2012). However, as correctly pointed out by Rumbaugh, *United Rentals* did not apply the "compelling reason" standard, which is applicable to the current motion. *Id.*, at *1. Rather, that case only applied the "good cause" standard for sealing a court record, which is a far less stringent standard to meet. *Id.* Moreover, the documents at issue in *United Rentals* involved a settlement agreement, which the court noted was entered into on the condition of confidentiality. *Id.*, at *2. This is not the case here. Thus, this case does not support Alps's position that a sealing order is necessitated under the facts of this case.

However, even if this were a proper basis to support sealing, the facts of this case show that there does not appear to be anything private about the relationship between the KC Defendants and Rumbaugh or the possible dispute that underlies this complaint. First, the attorney/client relationship between the KC Defendants and Rumbaugh is a matter of public record. Several of the exhibits attached to the complaint (which Alps seeks to seal) are *publicly filed* court documents that clearly identify the KC Defendants as legal representatives to Rumbaugh in her role as the trustee of the Edith and James Harley Trust. (*See, e.g.*, ECF Nos. 2-3, pp. 46-48; ECF No. 2-4, pp. 1-5 (Petition to Confirm Trustee); ECF No. 2-4, p. 6 (Order Confirming Trustee); *Id.* at pp. 7-8 (Notice of Entry of Order); *Id.* at pp. 13-18 (Petition to Return Trust Property); *Id.* at pp. 45-49 (California Complaint filed by Kolicki Defendants on behalf of Rumbaugh)). As such, the relationship between the KC Defendants and Rumbaugh is not a private matter.

5

Moreover, any dispute between the defendants arising from this relationship was arguably foreshadowed (at least in part) by other *publicly filed* court records, which are also attached as exhibits to the complaint. (*See* ECF No. 2-5 (motion to dismiss California case and order); ECF No. 2-6 (same)). These public records include motions to dismiss Rumbaugh's claims in a California lawsuit because her claims were filed outside of the applicable limitations period, which the court ultimately granted. (*Id.*) The KC Defendants represented Rumbaugh in the California action. Thus, neither the relationship nor the possibility of a dispute between the KC Defendants and Rumbaugh appear to be truly private.

Therefore, Alps's Motion fails to establish that revealing the alleged "private dispute" between the defendants is a compelling reason to seal the complaint or the exhibits attached thereto.

B. Attorney/Client Privilege

Next, Alps claims that the complaint and exhibits should be sealed because the documents contain communications and/or information that was covered by the attorney/client privilege and/or work product doctrines "when they were made." (ECF No. 1, pp. 5). This argument is equally unavailing.

The attorney-client privilege protects confidential disclosures made by a client to an attorney to obtain legal advice and an attorney's advice in response to such disclosures. *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir.1996) (quotation omitted), cert. denied, 520 U.S. 1167 (1997). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Federal privilege law applies where the court's jurisdiction is based on a federal question. *Nat'l Labor Relations Bd. v. N. Bay Plumbing,*

*Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996) (citing Fed. R. Evid. 501); *see United States v. Ormat Indus., Ltd.*, 2016 WL 4107682, at *2 (D. Nev. Aug. 1, 2016). The privilege is held by the client and the client can waive the privilege. *Montgomery v. eTreppid Technologies, LLC*, 548 F.Supp.2d 1175, 1177 (D. Nev. 2008). As a general rule, the voluntary disclosure of privileged documents or communications to third parties waives attorney-client privilege. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012).

Here, Rumbaugh, the client, was represented by the KC Defendants and has the right to waive the privilege in any communications between herself and the KC Defendants, including the communications at issue in this case. In her opposition, she concedes she waived the attorney-client privilege in the alleged communications based on her desire to pursue a malpractice claim against her former attorneys. (*See* ECF No. 7, p. 6). Based on Rumbaugh's waiver, there is no reason – much less a compelling reason – to seal the complaint or the attached exhibits on this alternative basis.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Alps's motion for leave to file the complaint and the exhibits to the complaint under seal, (ECF No. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that the following motions for leave to seal various documents under seal, (ECF Nos. 9, 27, 29, 33, 37 and 39), are **DENIED** as moot.

The Clerk's Office is **INSTRUCTED** to unseal the following documents in this case: ECF Nos. 1, 2, 7, 8, 9, 10, 25, 26, 27, 29, 30, 33, 37, 38, 39 and 40.

**DATED**: February 11, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**

7