UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>KALICKI COLLIER, LLP; JOHN A. COLLIER; JAMES A. KALICKI; and ROBIN RUMBAUGH, as Trustee of the Edith and James Harley Trust Dated August 31, 1981, Trustee of the Edith and James Harley Trust – Survivor's Trust, and Trustee of the Edith and James Harley Trust – Residual Trust,<br><br>Defendants. | Case No. 3:19-cv-00709-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This case is brought pursuant to the Court's diversity jurisdiction and involves an underlying insurance coverage dispute. Presently before the Court are two motions to dismiss crossclaims brought by Defendant Robin Rumbaugh, in her capacity as Trustee ("Trustee") of (1) the Edith and James Harley Trust Dated August 31, 1981 ("Harley Trust"), (2) the Edith and James Harley Trust – Survivor's Trust ("Harley Survivor's Trust"), and (3) the Edith and James Harley Trust – Residual Trust ("Harley Residual Trust") (collectively, "Harley Trusts"). (ECF Nos. 26, 30.)[1] In the first motion, Plaintiff ALPS Property & Casualty Insurance Company ("ALPS") moves to dismiss the crossclaims for lack of subject matter jurisdiction (ECF No. 26). In the second motion, Defendants Kalicki Collier LLP ("the Firm"), John A. Collier ("Collier"), and James A. Kalicki ("Kalicki") (collectively, "KC Defendants") move to dismiss the crossclaims as time barred (ECF No.

///

---

[1] The Court has considered the relevant responses (ECF Nos. 34, 38) and replies (ECF Nos. 40, 42).

30). The Court has opted to *sua sponte* examine subject matter jurisdiction as a threshold consideration and will dismiss the crossclaims for lack of jurisdiction over them. The Court will therefore deny the two pending motions as moot.

**II. BACKGROUND**

The following facts are taken from the complaint (ECF No.2) and crossclaims (ECF No. 10 at 25–52) and certain attached exhibits.

In August 2019, Trustee asserted claims of professional malpractice against KC Defendants ("Claim"). (ECF No. 2-3 at 30–44.) The Claim chiefly stems from KC Defendants' alleged failure to timely assert Harley Trusts' claims against a non-party by particularly failing to assess the time period for asserting such claims under California Code of Civil Procedure ("CCP") § 366.2(a). (*Id.*) The result was that the claims were found to be time barred. (*Id.*)

ALPS commenced the instant action in this Court on November 27, 2019 ("Coverage Action"). (ECF No. 2.) ALPS seeks a declaration that the Lawyers Professional Liability Insurance Policy No. ALPS18622-4 it issued to the Firm for the policy period January 9, 2019 to January 9, 2020 ("Policy") does not afford coverage to the KC Defendants with respect to the Claim based on the language in the Policy. (*Id.* at 4–5, *see also* 20–26.) ALPS asserts only two claims: (1) for declaration of non-coverage against all Defendants and that there is no duty to defend or indemnify KC Defendants with respects to the Claim; and (2) for reimbursement on any amount paid in defending the Claim. (*Id.* at 27–35.)

In responding to the complaint on December 26, 2019, Trustee, *inter alia*, asserted multiple crossclaims against KC Defendants predicated on alleged professional negligence as previously asserted in the Claim. (ECF No. 10 at 25–52.) The crossclaims are for: (1) breach of contract; (2) professional negligence—for legal malpractice; (3) professional negligence—related to breach of accounting duties; and (4) declaratory judgment—based on a theory of alter ego liability. (*Id.*)

///

ALPS filed its motion to dismiss the crossclaims on January 16, 2020 (ECF No. 26) and KC Defendants filed their motion several days later (ECF No. 30).

### III. FED. R. CIV. P. 12(B)(1) LEGAL STANDARD[2]

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). That burden must be satisfied by a preponderance of the evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Thus, "federal subject matter jurisdiction must exist at the time an action is commenced." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citation omitted).

Here, ALPS raises a facial attack on the crossclaims. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Myer* ("*Safe Air*"), 373 F.3d

///

///

///

---

[2]While KC Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6), the Court does not provide that standard here because the Court concludes that dismissal is warranted for lack of subject matter jurisdiction. The Court also recognizes that ALPS additionally moves for dismissal under Fed. R. Civ. P. 12(h)(3) (ECF No. 26 at 8) which provides that "[i]f the Court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1035, 1039 (9th Cir. 2004).[3] The Court assumes the factual allegations of a complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citations omitted).

## IV. DISCUSSION

While ALPS is not a defendant relative to the crossclaims and thus may lack standing to challenge them, the Court has the authority to *sua sponte* consider the matter of its jurisdiction[4] and will do so in this case. Here, Trustee asserts no independent diversity jurisdiction over the crossclaims and instead solely asserts that the Court should exercise jurisdiction over them pursuant to the federal supplemental jurisdiction statute— 28 U.S.C. § 1367. (ECF No. 10 at 25.) To be clear, the crossclaims are alleged against non-diverse parties—Trustee and KC Defendants are both allegedly domiciled in Nevada. In its motion to dismiss, ALPS argues that the crossclaims do not meet the relevant considerations under § 1367(a) and are not authorized under Fed. R. Civ. P. 13(g), which also applies to crossclaims. (ECF No. 26.) The Court's *sua sponte* determination accords with ALPS's argument.[5]

The Court begins its analysis from the principle that federal courts are courts of limited jurisdiction—and such jurisdiction may not be expanded or overcome by stipulation of the parties. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). This Court therefore may exercise jurisdiction over crossclaims only where there is an independent basis for jurisdiction—which has not been asserted here— or they fall under the Court's supplemental jurisdiction—which has been asserted.

///

---

[3]"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

[4]*See, e.g.*, *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").

[5]The Court also notes that KC Defendants appear to suggest that subject matter jurisdiction is a non-issue while arguing that the case should be decided on the time-barred issue. (ECF No. 30 at 3 n.1.)

4

As to the latter, § 1367(a) provides that district courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Subsection (c) of the statute further provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if [, among other things,] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c).[6] Fed. R. Civ. P. 13(g) particularly permits a crossclaim "if the claim arises out of the transaction or occurrence that is the subject matter of the original action [(i.e., there is supplemental jurisdiction)] . . . or if the claim relates to any property that is the subject matter of the original action."[7] Notably, the Trustee disavows that the latter part of the disjunctive is at issue. (ECF No. 34 at 21.) Thus, the Court's analysis simply rests on whether the crossclaims arise out of the same transaction or occurrence as the original claims.

Supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) (internal quotation and citation omitted). The Ninth Circuit applies a "logical relationship" test "to determine whether two claims arise out of the same transaction or occurrence." *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1446 (D. Nev. 1994)

///

---

[6]While Trustee aptly points out that ALPS does not raise the exceptions in § 1367(c) (*e.g.*, ECF No, 34 at 9), the Court considers the section as part of its *sua sponte* determination.

[7]"[T]he general rule [is] that cross-claims are permissive, not compulsory . . . [and] claims for contribution and indemnity contingent upon the outcome of another claim have not been placed in the compulsory category." *Hall v. Gen. Motors Corp.*, 647 F.2d 175, 184 (1980) (citation omitted); *see also Peterson v. Watt*, 666 F.2d 361, 363 (9th Cir. 1982) (citing Fed. R. Civ. P. 13(g)) ("[C]ross-claims are permissive rather than mandatory."). Logically then the claims asserted in an underlying liability action would not be compulsory in an action concerning indemnity. Furthermore, this means that "crossclaims are not waived if a party fails to assert them and they can be pursued in a separate action." *Interlabservice, OOO v. Illumina, Inc.*, No.: 15cv2171-KSC, 2017 WL 4217133, at *4 (S.D. Cal. Sept. 20, 2017) (citing *Peterson*, 666 F.2d at 363).

(citing *Pochiro v. Prudential Ins. Co. of Am.,* 827 F.2d 1246, 1249 (9th Cir. 1987)). "This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all of the issues be resolved in one lawsuit." *Pochiro*, 827 F.2d at 1249 (quotation omitted); *see also Ionian Corp. v. Country Mut. Ins. Co.*, 836 F. Supp. 2d 1173, 1187 (D. Or. 2011) (applying the "logical relationship" test in the crossclaim context); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1431 (3d ed. 2010 update) (the "transaction or occurrence standard is expansive and requires a logical relationship between the crossclaim and the original action or counterclaim"); *Interlabservice, OOO v. Illumina, Inc.*, No. 15cv2171-KSC, 2017 WL 4217133, at *5 (S.D. Cal. Sept. 20, 2017) ("[A] logical relationship between claims exists where separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts.") (internal quotations and citation omitted).

Trustee argues that the claims and crossclaims are of a "common nucleus of operative facts" and that the latter arise from the same transaction or occurrence as the Coverage Action in gist because ALPS's theory for denying coverage purportedly overlaps with the Trustee's underlying negligence claims. (*E.g.*, ECF No. 34 at 9–10, 16, 18.) Specifically, Trustee claims that both set of claims are grounded on what and when KC Defendants knew about the potential Claim based upon the failure to recognize the statute of repose in CCP § 336.2(a). (*Id.* at 6, 10.) The Court disagrees with Trustee.

Trustee's argument skews the Court's analysis because, as noted, the Court's consideration is simply whether the crossclaims are so logically connected to ALPS's Coverage Action "that considerations of judicial economy and fairness dictate that all of the issues be resolved in one lawsuit." *Kuhn*, 865 F. Supp. at 1446. While the Coverage Action is undisputedly precipitated by the Trustee's Claim against KC Defendants, the Court does not find that the two set of claims here are logically or substantially connected to give rise to supplemental jurisdiction. Instead, the Court finds that the allegations in the

state-law crossclaims asserted against KC Defendants involve significantly different factual and legal determinations than ALPS's request for declaratory relief. As such, they do not arise out of the same transaction or occurrence.

Here, ALPS specifically seeks a declaration that the Policy does not afford coverage for KC Defendants and that ALPS is not required to defend the Claim or indemnify KC Defendants for the same. (ECF No. 2 at 4–5, 20–36.) ALPS's request is allegedly based on, among other things, the Policy's prior knowledge conditions precedent and exclusion, which ALPS argues applies to preclude coverage for the Claim. (*Id.*) Thus, resolution of ALPS's claim will depend on the interpretation and application of the Policy to determine whether ALPS is obligated to defend or indemnify KC Defendants.

On the other hand, the determinations related to the crossclaims are distinctly sounded in allegations of negligence (*see generally* ECF No. 10 at 25–52). The crossclaims would precisely require the Court to chiefly examine whether KC Defendants owed certain duties to the Trustee and breached applicable standards of care. Said differently, the crossclaims engender issues that are completely discrete from, and would likely predominate, the key issue of KC Defendants' prior knowledge at issue in the Coverage Action. The crossclaims would therefore require, at minimum, the consideration of additional evidence from that required to determine ALPS's Coverage Action. By extension, there would be greater time and effort involved in resolving the crossclaims despite them being significantly unrelated to ALPS's claims.

Accordingly, the Court finds the crossclaims are largely tangential to the Coverage Action. That is, the two set of claims are not so logically related that considerations of judicial economy and fairness dictate that all of the issues between them be resolved in one lawsuit. *Cf. Podiatry Ins. Co. of Am. v. Falcone*, Civ. A. No. 3:10-1106, 2011 WL 1750708, at *3 (S.D.W. Va. Feb. 25, 2011) ("Whether or not [claimant's] injuries stemmed from . . . malpractice has no bearing on whether [the professional liability insurer] can be held responsible" under its policy.); *W. World Ins. Co. v. David Halphin*, No. 12-1397-CV-DGK, 2013 WL 3665251, at *3 (W.D. Mo. July 12, 2013) ("[T]here is little overlap of factual

or legal issues between the declaratory judgment action and [claimant's] crossclaim for negligence."). Therefore, considering its limited jurisdiction, the Court finds that it cannot exercise supplemental jurisdiction over the crossclaims and will *sua sponte* dismiss them from this case. The two pending motions are thereby rendered moot.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the crossclaims are dismissed from this action because the Court finds *sua sponte* that it lacks jurisdiction over them.

It is further ordered that the pending motions to dismiss the crossclaims (ECF Nos. 26, 30) are denied as moot.

DATED THIS 10th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE