| | |
|---|---|
| Douglas R. Brown, Esq. (SBN 7620)<br>Lemons, Grundy & Eisenberg<br>6005 Plumas Street, Third Floor<br>Reno, Nevada 89519<br>Email: drb@lge.net<br><br>Kevin D. Hartzell (*pro hac vice*)<br>Brooke H. McCarthy (*pro hac vice*)<br>Kutak Rock LLP<br>1650 Farnam Street<br>Omaha, NE  68102-2186<br>Email: kevin.hartzell@kutakrock.com<br>Email: brooke.mccarthy@kutakrock.com<br><br>*Counsel for Plaintiff ALPS Property &*<br>*Casualty Insurance Company* | Michael D. Hoy, Esq. (SBN 2723)<br>Hoy Chrissinger Kimmel Vallas, PC<br>50 W. Liberty St., Suite 840<br>Reno, Nevada 89501<br>Email: mhoy@nevadalaw.com<br><br>*Counsel for Defendant Robin Rumbaugh*<br><br>Patrick R. Leverty, Esq. (SBN 8840)<br>William R. Ginn, Esq. (SBN 6989)<br>Leverty & Associates Law Chtd.<br>832 Willow Street<br>Reno, Nevada 89502<br>Email: pat@levertylaw.com<br>Email: bill@levertylaw.com<br><br>*Counsel for the Kalicki Collier Defendants* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KALICKI COLLIER, LLP; et al.,<br><br>　　　　　Defendants. | Case No. 3:19-cv-00709-MMD-CLB<br><br>**JOINT MOTION FOR ENTRY OF**<br>**PROTECTIVE ORDER** |

Plaintiff ALPS Property & Casualty Insurance Company and Defendants Kalicki Collier, LLP, John A. Collier, James A. Kalicki, and Robin Rumbaugh, in her capacity as Trustee of the Edith and James Harley Trust Dated August 31, 1981, the Edith and James Harley Trust – Survivor's Trust, and the Edith and James Harley Trust – Residual Trust (collectively, "Parties"), pursuant to Fed. R. Civ. P. 26(c)(1) and LR 7-1, hereby move the Court for entry of the attached Stipulated Protective Order.  Counsel for all Parties have reviewed the Stipulated Protective Order and stipulated to entry of the same.

1

WHEREFORE, the Parties respectfully request that the Court enter the attached Stipulated Protective Order, and for such other relief the Court deems just and equitable.

Jointly submitted: May 12, 2020.

| | |
|---|---|
| */s/ Brooke H. McCarthy* <br> Kevin D. Hartzell (*pro hac vice*) <br> Brooke H. McCarthy (*pro hac vice*) <br> KUTAK ROCK LLP <br> 1650 Farnam Street <br> Omaha, NE 68102-2186 <br> Email: kevin.hartzell@kutakrock.com <br> Email: brooke.mccarthy@kutakrock.com <br><br> Douglas R. Brown, Esq. (SBN 7620) <br> Lemons, Grundy & Eisenberg <br> 6005 Plumas Street, Third Floor <br> Reno, Nevada 89519 <br> Email: drb@lge.net <br><br> *Counsel for Plaintiff ALPS Property & Casualty Insurance Company* | */s/ Michael D. Hoy* <br> Michael D. Hoy, Esq. <br> Nevada State Bar No. 2723 <br> Hoy Chrissinger Kimmel Vallas, PC <br> 50 W. Liberty St., Suite 840 <br> Reno, Nevada 89501 <br> Email: mhoy@nevadalaw.com <br> *Counsel for Defendant Robin Rumbaugh* <br><br> */s/ Patrick R. Leverty* <br> Patrick R. Leverty, Esq. (SBN 8840) <br> William R. Ginn, Esq. (SBN 6989) <br> Leverty & Associates Chtd. <br> 832 Willow Street <br> Reno, Nevada 89502 <br> Email: pat@levertylaw.com <br> Email: bill@levertylaw.com <br> *Counsel for the Kalicki Collier Defendants* |

### CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Brooke H. McCarthy*
Brooke H. McCarthy

| | |
|---|---|
| Douglas R. Brown, Esq. (SBN 7620)<br>Lemons, Grundy & Eisenberg<br>6005 Plumas Street, Third Floor<br>Reno, Nevada 89519<br>Email: drb@lge.net<br><br>Kevin D. Hartzell (*pro hac vice*)<br>Brooke H. McCarthy (*pro hac vice*)<br>Kutak Rock LLP<br>1650 Farnam Street<br>Omaha, NE  68102-2186<br>Email: kevin.hartzell@kutakrock.com<br>Email: brooke.mccarthy@kutakrock.com<br><br>*Counsel for Plaintiff ALPS Property & Casualty Insurance Company* | Michael D. Hoy, Esq. (SBN 2723)<br>Hoy Chrissinger Kimmel Vallas, PC<br>50 W. Liberty St., Suite 840<br>Reno, Nevada 89501<br>Email: mhoy@nevadalaw.com<br><br>*Counsel for Defendant Robin Rumbaugh*<br><br>Patrick R. Leverty, Esq. (SBN 8840)<br>William R. Ginn, Esq. (SBN 6989)<br>Leverty & Associates Law Chtd.<br>832 Willow Street<br>Reno, Nevada 89502<br>Email: pat@levertylaw.com<br>Email: bill@levertylaw.com<br><br>*Counsel for the Kalicki Collier Defendants* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>KALICKI COLLIER, LLP; et al.,<br><br>    Defendants. | Case No. 3:19-cv-00709-MMD-CLB<br><br>**STIPULATED PROTECTIVE ORDER** |

    Plaintiff ALPS Property & Casualty Insurance Company and Defendants Kalicki Collier, LLP, John A. Collier, James A. Kalicki, and Robin Rumbaugh, in her capacity as Trustee of the Edith and James Harley Trust Dated August 31, 1981, the Edith and James Harley Trust – Survivor's Trust, and the Edith and James Harley Trust – Residual Trust (collectively, "Parties", and each, individually, "Party"), in order to protect the confidentiality of any trade secrets, confidential business information, or confidential financial information obtained by the Parties in connection with this case, hereby stipulate and agree as follows:

1

1. Any Party or non-party may designate as "CONFIDENTIAL" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that Party or non-party considers in good faith to contain information involving trade secrets, confidential business information, or confidential financial information subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. A Party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a Party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, the specific pages of the transcript and/or specific responses to be treated as Confidential Information. Any other Party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this litigation (other than information that is publicly available) shall be used by the Party or Parties to whom the information is produced solely in connection with, and for the sole purpose of prosecuting or defending, this litigation.

4. Except with the prior written consent of other Parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown any documents labeled "CONFIDENITAL". Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the Party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "CONFIDENTIAL" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such Confidential Information to or with any person who is not entitled to receive such Confidential Information, except as set forth herein.

6. Unless otherwise permitted by statute, rule, or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the

3

Parties, the Party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and Cty. of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

7. A Party may designate as "CONFIDENTIAL" documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any Party or non-party may voluntarily disclose to others without restriction any information designated by that Party or non-party as "CONFIDENTIAL", although a document may lose its status as Confidential Information if it is made public.

8. If a Party contends any material is not entitled to confidential treatment, such Party may at any time give written notice to the Party or non-party who designated the material as Confidential Information. The Party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as "CONFIDENTIAL". The Party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the Party or non-party claiming the material is Confidential Information withdraws such designation in writing;

(b) the Party or non-party claiming the material is Confidential Information fails to apply to the Court for an order designating the material "CONFIDENTIAL" within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not entitled to protection as Confidential Information.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this litigation, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the Party or non-party who provided such Confidential Information, or (b) destroy such documents within the time period upon consent of the Party who provided the Confidential Information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Jointly submitted: May 12, 2020.

*/s/ Brooke H. McCarthy*
Kevin D. Hartzell (*pro hac vice*)
Brooke H. McCarthy (*pro hac vice*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102-2186
Email: kevin.hartzell@kutakrock.com
Email: brooke.mccarthy@kutakrock.com

Douglas R. Brown, Esq. (SBN 7620)
Lemons, Grundy & Eisenberg
6005 Plumas Street, Third Floor
Reno, Nevada 89519
Email: drb@lge.net

*/s/ Michael D. Hoy*
Michael D. Hoy, Esq.
Nevada State Bar No. 2723
Hoy Chrissinger Kimmel Vallas, PC
50 W. Liberty St., Suite 840
Reno, Nevada 89501
Email: mhoy@nevadalaw.com
*Counsel for Defendant Robin Rumbaugh*

*/s/ Patrick R. Leverty*
Patrick R. Leverty, Esq. (SBN 8840)
William R. Ginn, Esq. (SBN 6989)
Leverty & Associates Chtd.
832 Willow Street
Reno, Nevada 89502

5

1

*Counsel for Plaintiff ALPS Property &
Casualty Insurance Company*

Email: pat@levertylaw.com
Email: bill@levertylaw.com
*Counsel for the Kalicki Collier Defendants*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE
JUDGE CARLA BALDWIN

DATED:   May 13, 2020

6

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order ("Order") dated May __, 2020 in *ALPS Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, et al, Civil No. 3:19-cv-00709-MMD-CLB (D. Nev.).  I have been given a copy of the Order, read it, and agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information — including copies, notes, or other transcriptions made therefrom — in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information — including copies, notes or other transcriptions made therefrom — to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Order.

DATED: _____

_____

**EXHIBIT A**